UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JEANNIE K. FRAME, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:14-cv-00234-RLY-DKL |
| | ) | |
| CAROLYN COLVIN, Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Jeannie K. Frame, Plaintiff, filed a request for judicial review of the final decision of Carolyn Colvin, Acting Commissioner of the Social Security Administration, denying Plaintiff's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.* The court referred the matter to the Magistrate Judge, who issued her Report and Recommendation. The Magistrate Judge concluded that the ALJ's decision was not supported by substantial evidence, and recommended that the decision denying benefits be reversed with instructions to award benefits. Neither party filed an objection. Accordingly, the court reviews the Report and Recommendation for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Upon conducting a review, the court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Rather than recommending a remand for reconsideration by the ALJ, the Magistrate Judge recommended that the court remand with instructions to grant benefits. The Seventh Circuit cautioned, "An award of benefits is appropriate . . . only if all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits." *Allord v. Astrue*, 631 F.3d 411, 417 (7th Cir. 2011).  This standard exists "because a court does not have the authority to award disability benefits on grounds other than those provided under 42 U.S.C. § 423." *Briscoe v. Barnhart*, 425 F.3d 345, 357 (7th Cir. 2005).  The Report and Recommendation does not mention this test, and thus does not address whether (1) all factual issues have been resolved or (2) the only conclusion supported by the record is that Plaintiff is disabled.  Without any analysis on the specific recommendation, this court is unable to determine whether the Magistrate Judge committed clear error.

Therefore, the court **REMANDS** this case to the Magistrate Judge, with instructions to conduct an analysis pursuant to the *Allord* standard.  After receiving this supplemental report, the court will promptly conduct its clear error review.

**SO ORDERED** this 8th day of September 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.